IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINSTON H. KEMPER,<br><br>    Plaintiff,<br><br>  v.<br><br>POLICE OFFICER F. DAUER, et al.,<br><br>    Defendants. | No. C 04-1667 JSW (PR)<br><br>**ORDER DENYING MOTION FOR LATE APPEAL AND INSTRUCTIONS TO CLERK**<br><br>**(Docket No. 13)** |

    Plaintiff, a prisoner of the State of California, filed a civil rights complaint under 42 U.S.C. § 1983 regarding the failure of police and county officials to provide him with appropriate medical treatment after his arrest. After the Court twice dismissed Plaintiff's complaint with leave to amend, the Court dismissed the matter on February 28, 2005 for failure to state a claim (docket no. 11). On February 24, 2006, Plaintiff filed a document entitled "en banc review requested." The Clerk is directed to file this document as a motion.

    Although it is not entirely clear, it appears that Plaintiff is attempting to file a late notice of appeal. An appeal of right may be taken only by filing a valid notice of appeal in the district court. Fed. R. App. P. 3(a)(1). Rule 4(a) of the Federal Rules of Appellate Procedure requires that a notice of appeal "be filed with the clerk of the district court within 30 days after the entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1). Relief from the deadline for a timely notice of appeal may be obtained by a motion in the district court under Rule 4(a)(6) (motion to reopen time to file appeal).

Rule 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
> (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
> (C) the court finds that no party would be prejudiced

Relief from the expiration of the time to appeal may not be sought after the 180-day period in Rule 4(a)(6) has expired. *See In re Stein*, 197 F.3d 421, 425 (9th Cir. 2000). Rule 4(a) is the exclusive avenue for relief from the expiration of the period to file a timely notice of appeal. *See id.* at 426-27 (Fed. R. Civ. Proc. 60(b) cannot be used to avoid the expiration of the 180-day time period). It must be enforced without distinction between counseled and uncounseled cases. *See Clark v. Lavallie*, 204 F.3d 1038, 1041 (10th Cir. 2000) (rejecting pro se prisoner's motion filed more than 180 days after entry of judgment).

Although Plaintiff complains that this Court's first order of dismissal of the complaint with leave to amend which he contends failed to rule on his "main issue" discouraged him from pursuing his claims, this does not constitute a valid excuse under Rule 4(a)(6). As such, Plaintiff's motion is DENIED (docket no. 13).

IT IS SO ORDERED.

DATED: May 31, 2006

JEFFREY S. WHITE
United States District Judge

2